PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GUSTAVO CORTÉS GONZÁLEZ, Defendant and Appellant.

*No. 4487.   Argued November 25, 1931.—Decided December 11, 1931.*

*Buenaventura Esteves* for appellant.   *E. Díaz Viera,* Assistant *Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Gustavo Cortés was charged with having killed Matilde Pérez in the following circumstances:

" . . . on or about June 14, 1930, and in the ward of Buenos Aires of the municipality of Lares, which forms part of the judicial district of Aguadilla, Puerto Rico, then and there, said defendant Gustavo Cortés, while unlawfully carrying and handling on the public road a shotgun loaded with bullets, a deadly weapon, and while unlawfully aiming it at Matilde Pérez Nieves, a human being, without exercising the proper care and circumspection, fired a shot with the said weapon, inflicting a bullet wound on Matilde Pérez Nieves in the left orbicular region, fracturing the orbit at the base of the skull and of the brain, and the said Matilde Pérez Nieves died then and there as a direct consequence of the said bullet wound."

The defendant having been charged with involuntary manslaughter, he entered a plea of not guilty. The case was tried by a jury who convicted the accused, and the court sentenced him to serve one year in the penitentiary. Cortés asked for a new trial which was denied, whereupon he took the present appeal and has assigned six errors in his brief.

In the argument under the errors assigned the greatest emphasis is placed upon the first assignment, which is formulated thus:

"The District Court committed manifest error of law in overruling the challenge for cause of the juror, Genaro Figueroa, Jr."

It is true that this juror stated that he had formed an opinion regarding the case, but as he finally told the judge that "he would change his opinion if the evidence introduced justified it," and that "the evidence introduced would decide his vote on the verdict," it can not be maintained that the court abused its discretion in allowing the challenged juror to try the accused. Moreover, even if there had been error, the defendant could not complain thereof on appeal, since, as shown by the record, when the jury was constituted there were left to the accused, unused, five of the six peremptory challenges allowed him by law.

The errors from the second to the fifth refer to the reception of the evidence. It is claimed by those assignments that the court erred in refusing the defense to examine the witness, Filomena Pérez, as to her reasons for believing that the accused intended to kill either the witness or her sister Matilde; in allowing the prosecution to put to the defendant the following question: "And how can you explain that Filomena said here that you had aimed the shotgun first at her and then at the other?"; in allowing the district attorney to examine in rebuttal the Chief of Police of Lares who was present at the trial; and in allowing the district attorney himself to testify also in rebuttal.

The court did not abuse its discretion in refusing the question put to witness Filomena Pérez, as it was not a case of murder but of involuntary manslaughter, no question whatever of an intent to kill being therefore involved. Moreover, as the record does not show the answer sought to be obtained, the matter can not be considered on appeal. *People* v. *Navarro*, 25 P.R.R. 60, 61.

The question put by the district attorney to the accused does not appear to be clearly erroneous, but even if it were so, no prejudice would result, since the record shows that

upon the judge directing the accused to "answer the question," the latter replied: "I do not know how to answer that question," and the district attorney said: "That is all."

The fact that a person has been present in the court room during the trial does not preclude him from testifying as a witness therein. The exclusion of witnesses from the court room is discretionary with the court, and in the case at bar neither party moved for the exclusion of any witness, nor did the court itself order it. Subdivision 7 of section 233, Code of Criminal Procedure.

As to the objection to the testimony of the district attorney, it will be sufficient to quote the holding of this Court in the case of *People* v. *Pabón,* 7 P.R.R. 379, thus:

"There is no legal provision which prevents the employees of the office of a district attorney from acting as witnesses in a criminal trial for the purpose of testifying to facts which occurred in their presence and concerning which only they and the district attorney have knowledge."

The sixth error assigned refers to the refusal of the court to set aside the verdict and to grant a new trial.

One of the grounds for this assignment is that Genaro Figueroa, who was challenged for cause, acted as juror. We have already held that this contention is without merit.

Another ground is that the jury, after being constituted and before the close of the trial, was separated by leave of the court, and the jurors went to their homes for lunch.

The fact that the judge allowed the jurors to separate during the trial, after admonishing them as required by the statute, which is the only thing that appears from the record, in the absence of a showing as to the existence of any of the circumstances mentioned in subdivisions 2, 3, and 4 of section 303 of the Code of Criminal Procedure, constitutes no ground for the granting of a new trial.

The third ground of the motion is that the *corpus delicti* was not proved. This ground is untenable, as the *corpus*

*delicti* was clearly established by the testimony of Dr. Sein, of Filomena Pérez, and of Chief of Police Beniamino.

The seventh and last error relates to the insufficiency of the evidence. The evidence was conflicting as to the manner in which the occurrence took place. There is no conflict as to the death of Miss Pérez being caused by the use of a shotgun by the defendant; but the latter maintains that the fact occurred by his slipping and falling and the going off of the shotgun which he carried as the watchman of a farm, while the sister of the victim testified that the accused aimed the shotgun at them and in spite of her telling him that firearms were not to be trifled with, the accused went on aiming the weapon, and then the shot that killed Matilde was fired. The jury adjusted the conflict against the defendant, and there is no ground whatever to justify a reversal of the judgment which the district court rendered relying on their verdict.

The appeal must be dismissed and the judgment appealed from affirmed.